Diosky **RODRIGUEZ**, Petitioner–
Appellant,

v.

John **ASHCROFT**, U.S. Attorney General; Edward **McElroy**, District Director, Ins–New York City Office, Respondents–Appellees.

**Docket Nos. 03–2244(L), 03–3523(CON).**

United States Court of Appeals,
Second Circuit.

Aug. 8, 2005.

Diosky Rodriguez, New York, NY, for Petitioner, pro se.

Patricia Buchanan, Assistant, United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Megan L. Brackney and Meredith E. Kotler, Assistant United States Attorneys, on the brief), New York, NY, for Respondent.

Present: WALKER, Chief Judge, MINER, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED** and Rodriguez's habeas corpus petition is deemed a petition for review from the order of the Board of Immigration Appeals denying Rodriguez's motions to reconsider and reopen. The petition for review is hereby **DENIED.**

Petitioner-appellant Rodriguez appeals from a February 21, 2003, judgment of the District Court for the Southern District of New York (Allen G. Schwartz, *Judge*) dismissing Rodriguez's habeas corpus petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(b)(5), and transferring his case to our court. The district court adopted the ruling of the magistrate judge (Gabriel W. Gorenstein, *Magistrate Judge*), who issued a Report and Recommendation on January 6, 2003.

Rodriguez failed to object to the magistrate's report within ten days, despite being informed that a failure to object within that period would preclude appellate review of the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R.Civ.P. 72(b), and despite being directed by the report to Fed.R.Civ.P. 6(a) and (b). *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993) (requiring that *pro se* litigants be directed to the statutes establishing this time limit). Because the magistrate's report gave Rodriguez the requisite notice and Rodriguez did not timely object, Rodriguez has waived his right to appeal that report, as adopted by the district court's judgment. We therefore dismiss Rodriguez's appeal, and decide the merits of his petition as it has been transferred to our court under 8 U.S.C. § 1252(b)(5). We deem the transferred habeas petition a petition for review of the February 7, 2002, order of the Board of Immigration Appeals ("BIA") denying Rodriguez's motions to reconsider and reopen removal proceedings on the grounds that he is a U.S. national under 8 U.S.C. § 1101(a)(22)(B). *See Langhorne v. Ashcroft*, 377 F.3d 175, 177 (2d Cir.2004).

In an opinion issued today in *Marquez– Almanzar v. INS*, 418 F.3d 210 (2d Cir. 2005), we reject the claim, made by Rodriguez in this case, that an individual can become a U.S. national under 8 U.S.C. § 1101(a)(22)(B) by demonstrating permanent allegiance to the United States. We therefore find no reversible error in the BIA's decision not to reconsider its previous decision or reopen removal proceedings based on this argument.

We have carefully considered all of Rodriguez's remaining arguments and find them to be without merit.

For the reasons set forth above, the appeal is **DISMISSED** and the petition for review is **DENIED.**